# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                 Case No. 08-CR-217

JOSE FIGUEROA, et. al.,

        Defendants.

## ORDER

On December 9, 2008, Jose Figueroa ("Figueroa"), proceeding pro se, filed a motion to dismiss his retained attorney, Michael J. Knoeller. The court scheduled a hearing regarding this motion for December 18, 2008 at 9:30 A.M. Notice of this hearing was sent to Attorney Knoeller by way of the Electronic Court Filing ("ECF") System on December 12, 2008. (Docket No. 37.)

Attorney Knoeller failed to appear at this hearing. The court requested that an attorney from Federal Defender Services represent the defendant for this hearing. After hearing from the defendant, for good cause shown, the court granted Figueroa's motion to dismiss Attorney Knoeller from the case.

The court then ordered Attorney Knoeller to show cause why sanctions should not be imposed for his failure to appear at the Hearing on the Defendant's Motion to Dismiss Counsel. The court permitted Attorney Knoeller until December 23, 2008 to furnish an explanation.

Attorney Knoeller responded on December 29, 2008. This response was not e-filed but rather was hand-delivered to the court. When providing the court with his response, Attorney Knoeller informed court staff that he attempted to deliver his response on Friday, December 26, 2008 but found the court was closed.

In his response, Attorney Knoeller states "Notice of hearing (of any hearing) scheduled for December 12,[sic] 2008, was first received by the undersigned on December 24, 2008, when a copy of the instant Order to Show Cause was received by said affiant." Attorney Knoeller continues and explains that he was completely unaware that his client was in any way dissatisfied with him and he outlines the various efforts he had been taking to represent his client.

Having permitted Figueroa to dismiss his retained counsel by granting his motion, Attorney Knoeller's professed efforts to diligently represent the interests of his client are no longer before the court. The court's concern at this point is why Attorney Knoeller failed to appear at the December 18 hearing. Attorney Knoeller's only explanation is that he did not receive notice of this hearing. The court is left to wonder why Attorney Knoeller did not receive notice of this hearing and, how can the court can be assured that such problems will not recur in the future?

The court can reasonably surmise that Attorney Knoeller's problems are technology related. It appears that Attorney Knoeller's response to the Order to Show Cause was written on a typewriter and it was hand-delivered to the court rather than e-filed. E-filing is required for all attorneys practicing in this district unless an attorney is explicitly granted leave to be exempt from the e-filing requirement by the presiding judge in a specific case in which the attorney appears. Attorney Knoeller was not excused from e-filing requirements in this case. E-filing greatly increases the efficiency in processing of a case by both the court and attorneys. For example, e-filing permits parties to file documents at any time, regardless of whether the courthouse's doors are closed for a holiday, as was the case on December 26.

Court records show that Attorney Knoeller is a registered ECF user and that notice of the December 18 hearing was sent to the email address listed for Attorney Knoeller. No delievery failure was received by the court. However, for the e-filed Order to Show Cause, the court received

-2-
Case 2:08-cr-00217-JPS   Filed 12/30/08   Page 2 of 4   Document 44

notice of delivery failure indicating, specifically, that the email account listed for Attorney Knoeller has been "disabled or discontinued."

This indicates that subsequent to the e-filing of the hearing notice, Knoeller's email address became inoperative. Failing to maintain an accurate and active email address where the attorney will receive notice of all filings is in itself a violation of this district ECF policies and procedures. See Electronic Case Filing Policies and Procedures Manual – Criminal, Revised February 15, 2006, at 6, available at http://www.wied.uscourts.gov/dmdocuments/EcfCrProc.pdf. Accordingly, upon receiving notice of the failure of the electronic delivery, the court mailed a copy of the Order to Show Cause to Attorney Knoeller's postal address. It is this mailed notice that the court presumes Attorney Knoeller must have received on December 24.

In a prior case, 06-CR-335, Attorney Knoeller filed a letter requesting to be excused from ECF requirements until his office upgrades to be ECF compatible. Attorney Knoeller assured Judge Adelman that "[a]ll steps are being taken to make the transition in a diligent manner." (Docket No. 65.) On March 9, 2007, Judge Adelman granted Attorney Knoeller's request permitting him to avoid ECF requirements in that case "for a reasonable period of time." (Docket No. 65.) Since 06-CR-335, Attorney Knoeller appeared in only one other case, 06-CR-226. In that case, Attorney Knoeller was not excused from ECF requirements, and the docket indicates that Attorney Knoeller received notice of hearings by way of email. The present case was Attorney Knoeller's only other case in this district.

Practicing in the Eastern District requires attorneys to utilize certain technology. Computers, internet access, and email have become indispensable parts of the functioning of this court. The court's website, http://www.wied.uscourts.gov, is the source for essential information about the court, for example, the days other than designated federal holidays that the court will be closed. The ECF system is the backbone the district, and the electronic filing requirement has been in place for

years. On September 29, 2003, Chief Judge Rudolph T. Randa ordered that all civil and criminal cases filed on or after October 1, 2003 shall be designated for electronic filing. See Procedural Order, http://www.wied.uscourts.gov/dmdocuments/ECFPrcdOrd.pdf, amended Dec. 1, 2007, http://www.wied.uscourts.gov/dmdocuments/ECFProceduralOrder12-7.pdf.

It appears that Attorney Knoeller's failure to attend the December 18 hearing was the result of Attorney Knoeller's failure to maintain and diligently check his registered email account in the present case. In the age of electronic filing, such actions are entirely unacceptable. If an attorney chooses to practice in this district, the attorney must be able to fully comply with this district's policies and procedures, which includes ECF filing. Attorney Knoeller previously assured Judge Adelman that he was upgrading his office to be fully compatible with ECF requirements. That has apparently not yet happened.

It would be entirely appropriate for the court to impose a monetary sanction for Attorney Knoeller's failure to comply with the local requirements. However, in view of Knoeller's prompt response upon receipt of the mailed notice, the court concludes that the best approach is to prevent any future violations. Therefore, if Attorney Knoeller chooses to again appear in this district, he shall be fully compliant with all ECF requirements, which includes an appropriate familiarity with the ECF Manual, http://www.wied.uscourts.gov/dmdocuments/complete.pdf, the ability to electronically file all appropriate documents, and the ability to promptly receive electronic notification of all activity in a case in which Attorney Knoeller appears. Prior to again appearing as counsel in any case in this district, Attorney Knoeller must file a certificate with the Clerk of court that he is ECF compatible.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 30th day of December 2008.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge
